```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
LUIS ANGEL ALVARADO MALDONADO,                                   :
                                                                 :
                                   Plaintiff,                    :
                                                                 :
              -v-                                                :    22 Civ. 9173 (JPC) (RFT)
                                                                 :
MARTIN J. O'MALLEY, COMMISSIONER OF                              :    ORDER ADOPTING
SOCIAL SECURITY,                                                 :    REPORT AND
                                                                 :    RECOMMENDATION
                                   Defendant.                    :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Luis Angel Alvarado Maldonado ("Alvarado") brings this action against Defendant Martin J. O'Malley, the Commissioner of Social Security[1] (the "Commissioner"), seeking judicial review of the denial of his application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 423. The parties have cross-moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), with Alvarado seeking reversal of the Commissioner's denial or alternatively remand for a new hearing, *see* Dkt. 16, and the Commissioner seeking affirmance of the denial, *see* Dkt. 22.

On January 30, 2024, the Honorable Robyn F. Tarnofsky issued a Report and Recommendation, which recommended that this Court grant Alvarado's motion, deny the Commissioner's cross-motion, and remand this case to the Social Security Administration ("SSA") for further proceedings. On February 13, 2023, the Commissioner filed objections to the Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b), objecting to Judge

---

[1] O'Malley became Commissioner of Social Security on December 20, 2023, and therefore is substituted as the Defendant in this case pursuant to Federal Rule of Civil Procedure 25(d). *See* https://blog.ssa.gov/martin-j-omalley-sworn-in-as-commissioner-of-social-security-administration/.

Tarnofsky's findings that the Administrative Law Judge ("ALJ") failed to adequately develop the record and that the ALJ erred in not discussing certain hearing testimony from a vocational expert. Dkt. 25 ("Objections") at 1. For the following reasons, the Court overrules the Commissioner's objections and adopts Judge Tarnofsky's Report and Recommendation.

### I. Background

The Court assumes familiarity with the factual background of this case and with Judge Tarnofsky's Report and Recommendation, and only provides a brief summary here.

Alvarado applied for social security disability insurance benefits on May 26, 2020, alleging that he "became unable to work because of" a disability on May 28, 2019. Dkt. 10 ("Admin. Record") at 292. Alvarado claimed to be disabled because of his lumbar spine pain syndrome, a fractured disc in his lower back, and his punctured left ring finger. *Id.* at 339. Alvarado worked in construction from January 2011 until May 2019, at which point he stopped reportedly because of his conditions. *See id.* at 339-40.

The SSA initially denied Alvarado's application on October 27, 2020, and denied it once again on reconsideration on March 9, 2021. *See id.* at 15. Alvarado then requested a hearing before an administrative law judge for further consideration of his application. *Id.* On September 13, 2021, ALJ Vincent M. Cascio conducted a telephonic hearing, at which Alvarado and an "impartial vocational expert" testified. *Id.* After considering this testimony and the record evidence, including various medical opinions discussed below, the ALJ issued his decision on September 30, 2021, finding that Alvarado was "not disabled under sections 216(i) and 223(d) of the Social Security Act." *Id.* at 28; *see* 42 U.S.C. § 416; *id.* § 423. Most relevantly for present purposes, ALJ Cascio concluded that, based on the record evidence, Alvarado "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," albeit not his previous work. Admin. Record at 28. Alvarado sought review of ALJ

2

Cascio's decision before the SSA's Appeals Council, but the Council denied this request on September 12, 2022. *Id.* at 1.

Alvarado then sought review of the ALJ's decision before this Court pursuant to 42 U.S.C. § 405(g). He filed his Complaint on October 26, 2022, Dkt. 1, and moved for judgment on the pleadings on April 17, 2023, Dkt. 15. The Commissioner cross-moved for judgment on the pleadings on July 6, 2023. Dkt. 21. As noted, Judge Tarnofsky issued her Report and Recommendation on the parties' motions on January 30, 2024. Dkt. 24 ("R&R"). She recommended granting Alvarado's motion, denying the Commissioner's cross-motion, and remanding this matter for further proceedings before the SSA because of three errors she identified in the ALJ's decision-making process: (1) the ALJ failed in his duty to develop a complete record, *see id.* at 28-32; (2) the ALJ failed to properly assess the medical opinions in the record, *see id.* at 32-40; and (3) "[t]he ALJ's conclusion that Alvarado could perform jobs available in significant numbers in the national economy was not supported by substantial evidence," *id.* at 40; *see id.* at 40-41.

The Commissioner filed his objections to the Report and Recommendation on February 13, 2024, Dkt. 25 ("Objections"), and Alvarado replied to these objections on February 21, 2024, Dkt. 26 ("Reply to Objections").

## II. Legal Standards

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If, as here, a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. *See* Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "The district court may adopt those portions of the report and recommendation to which no specific

3

written objection is made, so long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Diaz v. Comm'r of Soc. Sec. Admin.*, No. 22 Civ. 2256 (KMK) (VR), 2023 WL 6390172, at *1 (S.D.N.Y. Sept. 29, 2023) (internal quotation marks and alterations omitted).

In reviewing a Social Security benefits determination pursuant to 42 U.S.C. § 405(g), "the reviewing court considers merely 'whether the correct legal standards were applied and whether substantial evidence supports the decision.'" *Id.* at *2 (quoting *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004)). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (internal quotation marks omitted). "[T]he district court must 'defer to the Commissioner's resolution of conflicting evidence,' and reject the Commissioner's findings of fact only 'if a reasonable factfinder would have to conclude otherwise.'" *Boswell v. Comm'r of Soc. Sec.*, No. 21 Civ. 2364 (JPC) (GRJ), 2022 WL 3714669, at *2 (S.D.N.Y. Aug. 29, 2022) (first quoting *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), then quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)).

"Under the relevant regulations, the SSA engages in a five-step sequential process to evaluate whether an individual is disabled." *Id.* (citing 20 C.F.R. § 404.1520(a)(4)(i)-(v)). As the Supreme Court has described:

> At the first step, the agency will find nondisability unless the claimant shows that he is not working at a substantial gainful activity. At step two, the SSA will find nondisability unless the claimant shows that he has a severe impairment, defined as any impairment or combination of impairments which significantly limits the claimant's physical or mental ability to do basic work activities. At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called vocational factors (the claimant's age,

4

education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (cleaned up).

### III.  Discussion

As noted, the Commissioner objects to two aspects of Judge Tarnofsky's Report and Recommendation.  First, the Commissioner argues that Judge Tarnofsky erroneously concluded that the ALJ failed to adequately develop the record and that the Court should reject any requirement that the ALJ recontact Dr. Peter Passias, Alvarado's treating physician.  Objections at 2-9.  Second, the Commissioner argues that Judge Tarnofsky incorrectly faulted ALJ Cascio for not considering the testimony from the vocational expert on absenteeism and off-task time.  *Id.* at 9-10.  The Court will address these contentions in turn.

**A.     Development of the Record**

Starting with the first objection, the Commissioner contends that Judge Tarnofsky's "conclusion that the ALJ failed to adequately develop the record was based on an erroneous belief that the ALJ's finding that Dr. Passias's opinion was not persuasive resulted in 'an obvious gap in the record.'"  Objections at 1 (quoting R&R at 32).  The Commissioner brings six specific challenges to Judge Tarnofsky's findings, but none of them are availing and several misconstrue the Report and Recommendation.

Contrary to the Commissioner's assertion, Judge Tarnofsky did not find that "the record was devoid of any valid functional assessment."  Objections at 3.  In the relevant portion of the Report and Recommendation, Judge Tarnofsky determined:

> Under these circumstances—the absence of a functional evaluation the ALJ did not reject out of hand from a treating physician who was familiar with Alvarado's impairments, and the absence of any functional evaluation covering the final seven months of the relevant period—there was an "obvious gap" in the record, and the failure to seek a new functional evaluation violated the ALJ's duty to develop the record to fill that gap.

R&R at 32 (citations omitted).  Thus, Judge Tarnofsky concluded that remand was warranted because there was a gap in the record, and the ALJ did not fill that gap.  Judge Tarnofsky explained that this gap existed for two reasons:  (1) the record lacked a functional evaluation from a treating physician familiar with Alvarado's condition, other than one that the ALJ rejected "out of hand," and (2) there otherwise was not a functional evaluation of Alvarado covering the prior seven months.  *Id.*  This finding does not negate the existence of other valid functional assessments in the record.  To the contrary, throughout the opinion, Judge Tarnofsky discussed the findings of Dr. David Wallace and Dr. A. Vinluan, both reviewing state agency medical consultants, *see* R&R at 8-9, 23-25, and in the pages immediately preceding the above passage, Judge Tarnofsky characterized Dr. Wallace's and Dr. Vinluan's findings as "functional assessments," even as she identified faults with the ALJ's reliance on them, *id.* at 30-31.

The Commissioner also misinterprets the Report and Recommendation in arguing that Judge Tarnofsky "applied an incorrect legal standard in ruling that the ALJ had erred by failing to recontact Dr. Passias for another functional assessment or explanation for why [Dr. Passias] believed Alvarado had been fully disabled since 2014 even though he had continued working in construction for four more years."  Objections at 3.  Judge Tarnofsky did not recommend that this Court require the ALJ to recontact Dr. Passias on remand.  In fact, she explicitly explained that, although she also had concerns with the ALJ's findings concerning Dr. Passias's July 2021 assessment, her record development-related finding stemmed instead from the *consequences* of the ALJ's decision, which "meant that the ALJ made his [residual functional capacity] determination without any recent functional evaluation, and without any functional evaluation by a treating physician."  R&R at 30.  She also recommended that the Court remand to the ALJ "to obtain a fresh functional assessment, preferably from a treating source," but did not recommend specifically requiring recontact with Dr. Passias.  *Id.* at 41.

6

Indeed, Judge Tarnofsky's recommendation that the ALJ *preferably* obtain a new functional assessment from a treating source illustrates that Judge Tarnofsky did not, as the Commissioner argues, "base [her recommendations], at least in part, on the now outdated preference for opinions authored by a claimant's medical source." Objections at 7. As Alvarado points out, Judge Tarnofsky discussed the 2017 amendments to SSA regulations that jettisoned the prior "treating physician rule" and explicitly noted that the amended regulations applied to Alvarado's claims. Reply to Objections at 8 (citing R&R at 17-20); 20 C.F.R. § 404.1527 (regulation applying the "treating physician rule" to claims filed before March 27, 2017); *id*. § 404.1520c (regulation for claims filed after March 27, 2017); *see Zwelsky v. Kijakazi*, No. 21 Civ. 5823 (FB), 2023 WL 3042211, at *1 n.1 (E.D.N.Y. Apr. 21, 2023) ("The treating physician rule was repealed in March 2017."). The Commissioner's contention appears to be based on the mistaken assumption that Judge Tarnofsky found a "need for the ALJ to recontact Dr. Passias," but—as explained above—she made no such finding, nor did she recommend that the Court require recontact with Dr. Passias. Objections at 9. The fact that the ALJ lacked a functional assessment that he did not discredit from a treating source was only one factor that Judge Tarnofsky found militated toward remand based on the ALJ's breach of his duty to develop a complete administrative record. It also bears mention that Judge Tarnofsky explicitly noted that remand is not always required when an ALJ fails to request absent functional medical assessments: "An ALJ's failure to request a functional assessment from a treating physician or to request a more recent functional assessment may be harmless, and thus no remand warranted, in cases where 'the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity.'" R&R at 29 (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013)). In other words, Judge Tarnofsky did not exclude the possibility that an ALJ could make a residual functional capacity determination in the absence of a functional assessment from

a treating source or even based on the record alone; rather, she simply found that this case did not present such a scenario, particularly given the lack of a functional evaluation based on the seven months prior to the hearing. *See id.* at 32.

The Commissioner's other objections fare no better. His objections to Judge Tarnofsky's characterization of the ALJ as disregarding Dr. Passias's July 9, 2021 functional assessment and rejecting Dr. Passias's July 2021 assessment "out of hand," Objections at 4-5; *see* R&R at 32, are of little import for much the same reasons as the aforementioned objections. Judge Tarnofsky highlighted the ALJ's decision to disregard Dr. Passias's assessment because it left an "'obvious gap' in record," at least in part because it led to "the absence of any functional evaluation covering the final seven months" prior to the hearing. R&R at 32. The ALJ's justification for finding Dr. Passias's assessment "unpersuasive," Admin. Record at 26, is immaterial to that analysis.

Furthermore, the Court does not read Judge Tarnofsky's parenthetical in which she stated that "Dr. [Michael] Healy did not provide a true functional assessment, stating on[ly] that Alvarado had 'moderate limitations' on sitting, standing, bending, lifting, walking, and climbing stairs, without specifying what those limitations were," *id.* at 31 (quoting Admin. Record at 830), as rejecting the principle that "'moderate' physical limitations are commensurate with, and support an individual's ability to perform, up to a light level of work," as the Commissioner argues, Objections at 5. Read in context, it seems clear that Judge Tarnofsky was criticizing Dr. Healy's lack of explanation in reaching his conclusion that Alvarado had "moderate limitations." To be sure, "courts in this district have held that a medical source's use of the terms 'mild' or 'moderate' to describe a claimant's impairments [without further explanation] does not automatically render their opinion vague as long as the opinion contains objective medical findings to support their conclusion." *Quintana v. Berryhill*, No. 18 Civ. 561 (KHP), 2019 WL 1254663, at *17 (S.D.N.Y. Mar. 19, 2019). And even assuming Dr. Healy's opinion did contain other findings sufficient to

8

support his assessment that Alvarado had "moderate limitations" in the identified activities, that fact alone would not undermine Judge Tarnofsky's record-development conclusion. In particular, Dr. Healy rendered his opinion in August 2020. *See* Admin. Record at 830. Therefore, regardless of whether the Court credits the basis for Dr. Healy's opinion, Judge Tarnofsky's concern that the ALJ parsed the record without taking into sufficient account the seven months preceding the hearing would not be assuaged.[2]

The same logic applies to the Commissioner's contention that "the ALJ did not view the[] opinions [of Dr. Vinluan, Dr. Wallace, and Dr. Healy] in isolation, but in relation to later submitted evidence," specifically pointing to the ALJ's consideration of a magnetic resonance imaging ("MRI") scan taken on February 15, 2021 that "showed no significant deterioration since the previous MRI scan over a year prior, on January 28, 2020, which the ALJ also discussed." Objections at 6 (citing Admin. Record at 22-23). The Commissioner correctly points out that the Second Circuit has found that "a medical opinion is not too stale to rely on, despite being rendered without [the] benefit of seeing subsequent records, where notes post-dating the opinion are not materially different from those pre-dating it." *Id.* at 6-7 (citing *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016)). But the problem with the Commissioner's argument here is that Judge Tarnofsky's concern stemmed from the absence of a functional assessment covering the seven months preceding the hearing—particularly given Dr. Passias's June 2021 note that Alvarado's "symptoms continue to worsen." *See* R&R at 31 (quoting Admin. Record at 875). The ALJ's consideration of the February 15, 2021 MRI—which was almost exactly seven months before the

---

[2] In addition, to the extent that the Commissioner objects to Judge Tarnofsky's record-development conclusion as having impermissibly reweighed the evidence before the ALJ, *see* Objections at 7, that objection is unpersuasive because an "ALJ's failure to develop a sufficient record constitutes a *legal* error requiring remand." *Rivera v. Comm'r of Soc. Sec.*, No. 20 Civ. 5501 (EK), 2023 WL 3042201, at *4 (E.D.N.Y. Apr. 21, 2023) (emphasis added) (citing *Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir. 1999)).

September 13, 2021 hearing—is therefore inconsequential to the basis for Judge Tarnofsky's conclusion.[3]

The Court therefore overrules the Commissioner's objections to Judge Tarnofsky's record-development findings.

**B.      Vocational Expert**

The Commissioner also argues that the Court should reject the portion of Judge Tarnofsky's Report and Recommendation that found that "[t]he ALJ erred by neglecting to address the [vocational expert]'s testimony that being off task 20 [percent] of the time or missing three or more days a week of work would make Alvarado unemployable." R&R at 41; *see* Objections at 9-10.  The Commissioner contends that "as the ALJ included no limitations related to absenteeism or off-task time in the [residual functional capacity] determination, this testimony by the [vocational expert] was not relevant to the step-five determination." Objections at 9.

As the Commissioner notes, "[w]hen the hypothetical posed to the vocational expert is based on a residual functional capacity finding *that is supported by substantial evidence*, the hypothetical is proper and the ALJ is entitled to rely on the vocational expert's testimony." *Snyder v. Colvin*, 667 F. App'x 319, 321 (2d Cir. 2016) (emphasis added); *see* Objections at 9.  The problem with the Commissioner's argument that the vocational expert's testimony was not relevant to the ALJ's prior decision, Opposition at 9, however, is that on remand the ALJ will need to reassess whether Alvarado "is capable of performing other jobs existing in significant numbers in the national economy" at step five, *Barnhart*, 540 U.S. at 25.  In other words, Judge Tarnofsky's recommendation for a reassessment at step five is necessarily linked to the need to remand for a

---

[3] Notably, the Court cannot discern other objections on the Commissioner's part to Judge Tarnofsky's more general conclusion that the seven-month gap constituted an obvious gap in the record in light of the evidence that Alvarado's symptoms were worsening during that period.  *See* R&R at 31-32.

"reassess[ment of] Alvarado's [residual functional capacity]." R&R at 41. Given that "[t]he Commissioner does not challenge the Magistrate Judge's recommendation that this case be remanded for further reevaluation of certain medical opinions and prior administrative medical findings," Objections at 1, "the reassessment of the treating physicians' opinions on remand will necessarily result in a reassessment of the [residual functional capacity]," *Trentini v. Colvin*, No. 14 Civ. 5238 (DLI), 2016 WL 5793658, at *12 (E.D.N.Y. Oct. 3, 2016). And in turn, "the vocational expert's hypothetical and step five findings will necessarily need to be revisited on remand" in light of that reassessment as well. *Frederick R. v. Comm'r of Soc. Sec.*, No. 22 Civ. 2380 (VB) (GRJ), 2023 WL 3852328, at *13 (S.D.N.Y. Apr. 24, 2023), *report and recommendation adopted sub nom. Reyes v. Comm'r of Soc. Sec.*, 2023 WL 3852405 (S.D.N.Y. June 6, 2023). Therefore, even if the Commissioner is correct that Dr. Passias's opinion regarding Alvarado's potential absenteeism and time off task was irrelevant to the ALJ's residual functional capacity determination in his September 30, 2021 decision, the flaws that Judge Tarnofsky identified regarding the ALJ's assessment of the medical opinions in the record—to which the Commissioner does not object—necessarily impact on remand the ALJ's reliance on the vocational expert's testimony. A new assessment of those matters, irrespective of the prior assessment, will need to be conducted by the ALJ on remand.

The Court thus overrules the Commissioner's objections as to the vocational expert testimony because the unobjected-to portions of Judge Tarnofsky's Report and Recommendation necessarily require the ALJ to revisit his step five findings in the first instance.

* * *

The Court also has conducted *de novo* review of the remainder of the Report and Recommendation to which the Commissioner did not object, and finds it to be well-reasoned and its conclusions well-founded.

## IV. Conclusion

For the foregoing reasons, the Court overrules the Commissioner's objections, adopts Judge Tarnofsky's Report and Recommendation, grants Alvarado's motion, and denies the Commissioner's cross-motion. This case is remanded to the Social Security Administration for further proceedings consistent with this Order and, to the extent not discussed herein, Judge Tarnofsky's Report and Recommendation. The Clerk of Court is respectfully directed to (1) replace Kilolo Kijakazi with Martin J. O'Malley as the named Defendant in this action, (2) close the motions pending at Docket Numbers 15 and 21, (3) enter judgment remanding this case to the Social Security Administration for further proceedings, and (4) close this case.

SO ORDERED.

Dated: March 29, 2024
      New York, New York

                                              JOHN P. CRONAN
                                    United States District Judge